RECEIVED

MAR 1 0 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANCHOR MARINE TRANSPORTATION LIMITED | CIVIL ACTION NO. 6:08-1593 |
| VERSUS | |
| LONESTAR 203, her engines, boilers, tackle, furniture, apparel, etc., in rem, and LONESTAR DRILLING NIGERIA, LTD., in personam | JUDGE DOHERTY<br><br>MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a "Motion for Writ of Attachment Under Rule B and/or Warrant of Arrest Under Rule C" [Doc. 36] filed by plaintiff Anchor Marine Transportation Limited. In the motion, plaintiffs request this Court "authorize the issuance of a Writ of Foreign Attachment by the Clerk of Court directing the United States Marshal for this District to attach the defendant's vessel, D/B LONESTAR 202, at a location to be provided by undersigned counsel for plaintiff as soon as possible and to detain same in his custody until further order of the Court." Plaintiff further moves this Court, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, "to authorize the Clerk of this Court to issue a warrant of arrest directing the United States Marshal for this District to arrest the *in rem* defendants, D/B LONESTAR 203 and/or D/B LONESTAR 204, at a location to be provided by undersigned counsel for plaintiff as soon as possible and to detain same in his custody until further order of this Court."

Despite requesting attachment of the vessel D/B LONESTAR 202 "at a location to be provided by undersigned counsel for plaintiff as soon as possible," plaintiff states in its

memorandum in support that "the LONESTAR 202 is presently within this District, specifically, at the Superior Derrick Shipyard in New Iberia, Louisiana."[1]

After full review of the submission before the Court at this time, the Court concludes plaintiff is not due the relief requested, in part because of statements contained in the motion and memorandum in support that appear to be internally inconsistent. Additionally, to the extent plaintiff appears to be proceeding under a contractual or quasi-contractual basis, plaintiff alleges it has a maritime lien on the D/B LONESTAR 203 and 204, but has not delineated why it would have a maritime lien on the D/B LONESTAR 202 and, therefore, under what authority this Court might attach or arrest the D/B LONESTAR 202. Therefore, this Court concludes the plaintiff has not carried its burden under a sufficient factual or legal argument at this time.

Additionally, this Court notes the convoluted procedural history of this proceeding suggests, at the very least, a lack of both factual and legal clarity. Plaintiff has twice moved this Court to arrest vessels, only to request the Court release those vessels within days or weeks of the seizures, at great time and expense to the United States Marshal Service. Additionally, there are questions concerning the ownership of those vessels.[2] Consequently, this Court is not in the position to ferret out the applicable facts and law as to the most recent filing.

---

[1] This Court questions whether there is another port other than the Port of New Iberia, at which the vessel of this size could be located.

[2] Plaintiff acknowledges in its memorandum that Lonestar has asserted it does not own either the LONESTAR 203 or 204, and, indeed, on or around December 11, 2008, following this Court's issuance of the first arrest warrant for the arrest of the LONESTAR 203, this Court received a letter from Martin Baumgartner, Senior Manager in Business Support and Recovery with Standard Bank in Cairo, Egypt, stating Lonestar Drilling Nigeria Limited, the party plaintiff sued *in personam* in the instant matter, is not the owner of the LONESTAR 203. *See* Exhibit "A," attached hereto. Additionally, Lonestar Drilling Nigeria Ltd. has filed an Answer to plaintiff's Amended Complaint, denying it is the owner of either the LONESTAR 203 or the LONESTAR 204 [Doc. 34], and attaching a memorandum in which plaintiff purportedly acknowledges the LONESTAR 203 and 204 are not owned by Lonestar. Although this Court has made no legal determination as to the ownership of the foregoing vessels, this Court notes the plaintiff has provided this Court with a dearth of factual or legal clarity regarding the ownership of the vessels, further calling into question whether the plaintiff is entitled to the requested relief.

Considering the foregoing, plaintiff's "Motion for Writ of Attachment Under Rule B and/or Warrant of Arrest Under Rule C" [Doc. 36] is DENIED on procedural grounds. Plaintiff is free to re-urge the motion, provided plaintiff provides this Court with a more substantiated factual and legal basis for the requested relief.

Lafayette, Louisiana this 10 day of March, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE