# RECEIVED

MAR 1 8 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ANCHOR MARINE TRANSPORTATION LIMITED | CIVIL ACTION NO. 6:08-1593 |
| VERSUS | |
| | JUDGE DOHERTY |
| LONESTAR 203, her engines, boilers, tackle, furniture, apparel, etc., in rem, and LONESTAR DRILLING NIGERIA, LTD., in personam | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a "Motion for Writ of Attachment Under Rule " [Doc. 41], and a "Motion and Incorporated Memorandum in Support of Expedited Hearing" [Doc. 42] filed by plaintiff Anchor Marine Transportation Limited ("Anchor Marine"). For the following reasons the motion for expedited hearing is GRANTED and the motion for writ of attachment is GRANTED.

Anchor Marine files the instant motion "pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure" and "moves this Honorable Court to authorize the issuance of a Writ of Foreign Attachment by the Clerk of this Court directing the United States Marshal for this District to attach the defendant's vessel, D/B LONESTAR 202, at Superior Derrick Services, 4615 Port Road, New Iberia, Louisiana 70560 as soon as possible and to detain same in his custody until further order of the Court."

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure preserves the traditional maritime remedy of attachment and permits a

claimant to attach property belonging to a non-resident defendant who cannot be found within the jurisdiction. Rule B states in pertinent part:

**(1) When Available; Complaint, Affidavit, Judicial Authorization, and Process.** In an in personam action:

**(a)** If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.

**(b)** The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

. . .

**(d)(i)** If the property is a vessel or tangible property on board a vessel, the summons, process, and any supplemental process must be delivered to the marshal for service.

**(ii)** If the property is other tangible or intangible property, the summons, process, and any supplemental process must be delivered to a person or organization authorized to serve it, who may be (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

Supplemental Admiralty and Maritime Claims Rule B, 28 U.S.C.A.

Pursuant to the Second Circuit's decision in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2nd Cir. 2006), an attachment should issue if the plaintiff shows (1) it has a valid *prima facie* admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no

statutory or maritime law bar to the attachment.[1] "The showing required by Rule B(1) for the initial order of attachment is minimal[.]" *Aqua Stoli*, 460 F.3d at 439, *citing ContiChem LPG v. Parsons Shipping Co.*, 229 F.3d 426, 434 (2nd Cir. 2000).

Although this case has had a somewhat tortured procedural history, which the Court will not re-state here in the interests of effecting the requested attachment as soon as possible, Anchor Marine filed a First Amended Verified Complaint [Doc. 20] against Lonestar alleging a breach of a maritime contract and attaching thereto the same charter party referenced in the instant motion on January 20, 2009.[2] Attached to the first Amended Verified Complaint is the Verification of Peter B. Sloss, an attorney for Anchor Marine, which states "the *plaintiff* is a foreign corporation *with no fully knowledgeable personnel presently within this district* or within the confines of the state of Louisiana." The instant motion contains the motion itself, as well as an "Unsworn Statement Under Penalty of Perjury,"[3] executed by Andrea Sessa, the Managing Director of Anchor Marine.

Thus, before the Court at this time are both the First Amended Verified Complaint filed by Anchor Marine, to which is attached the Verification of Peter B. Sloss, as well as the instant motion

---

[1] Although this Court notes the Second Circuit decision in *Aqua Stoli* is not binding on this Court, the decision is notable for its tracing of the history of maritime attachments under Rule B. Furthermore, this Court notes the long history of maritime attachments in the courts of the Second Circuit due to the commercial importance of the ports of New York. Therefore, this Court finds the *Aqua Stoli* decision helpful to this Court's determination of the issues in this case.

[2] In that Complaint, however, Anchor Marine sought to attach the LONESTAR 204 pursuant to Rule B and to arrest both the LONESTAR 203 and the LONESTAR 204 pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The Court granted the motion for issuance of a warrant *in rem* on January 9, 1009 [Doc. 25], however, Anchor Marine sought the release of those vessels on January 22, 2009, which this Court granted on the same date [Doc. 31].

Additionally, this Court notes that, prior to the granting of Anchor Marine's First Amended Verified Complaint for arrest of a vessel, this Court had already granted Anchor Marine's *original* motion for arrest of a vessel and released that vessel, however, the Court will not detail the circumstances surrounding that arrest and release at this time.

[3] This Court notes testimony by way of unsworn declaration is permissible pursuant to 28 U.S.C. §1746.

for attachment of the LONESTAR 202, to which is attached the "Unsworn Statement Under Penalty of Perjury" of Andrea Sessa.

### 1.     Valid *Prima Facie* Admiralty Claim Against the Defendant

Applying the *Aqua Stoli* elements to the facts of the instant case, this Court finds the first element is satisfied, as Anchor Marine establishes a valid *prima facie* admiralty claim for breach of contract pursuant to the charter party agreement executed between Anchor Marine and defendant Lonestar on May 17, 2007. Anchor Marine alleges Lonestar has breached the charter party by failing to present the LONESTAR 203 and LONESTAR 204 for leading in Freeport, Texas as required by the referenced charter party, and by failing to pay demurrage and costs due under the charter party, thereby alleging a *prima facie* admiralty claim for breach of contract against Lonestar. Accordingly, the Court concludes the first element is satisfied.

### 2.     Presence of the Defendant Within the District

Rule B(1)(b) requires the filing of an affidavit "stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." A defendant is present in the district if: 1) the defendant can be found within the district in terms of jurisdiction, and 2) the defendant can be found within the district for service of process. *Heidmar, Inc. v Anomina Ravennate Di Armanento Sp.A. of Ravenna*, 132 F.3d 264, 268 (5th Cir. 1998), *citing LaBanca v. Ostermunchner*, 664 F.2d 65, 67 (5th Cir.1981). Additionally, the Fifth Circuit has held a defendant cannot be found within the district for purposes of Rule B if it is not present in the district at the time the complaint is filed, that is, a subsequent general appearance by the defendant does not prevent attachment of its property under Rule B. *Heidmar*, 132 F.3d at 268.

In the instant case, in connection with the filing of Anchor Marine's First Amended Verified Complaint on January 9, 2009, Anchor Marine filed the Verification of Peter B. Sloss wherein Mr.

Sloss attests "the *plaintiff* is a foreign corporation with no fully knowledgeable personnel presently within this district or within the confines of the state of Louisiana." Notwithstanding the obvious error in stating the *plaintiff* – rather than the *defendant* – cannot be found within this district, when one reads the Amended Complaint in conjunction with the instant motion, it is clear Anchor Marine intended to state the *defendant* cannot be found in the district and that the substitution of *plaintiff* for defendant was merely a typographical error. Ergo, this Court concludes the plaintiff satisfies the relatively light burden of showing defendant Lonestar could not be found within this district, at the time the First Amended Verified Complaint was filed.[4] Although Lonestar did file an answer in this case on February 2, 2009, clearly, the filing of the Answer was *after* the filing of both the original lawsuit and the First Amended Verified Complaint, which contained Mr. Sloss's Verification. Therefore, this Court concludes the second element has been satisfied.

### 3. Defendant's Property May be Found Within the District

In the instant case, this Court concludes the plaintiff has demonstrated the LONESTAR 202 is, in fact, property belonging to the defendant, as demonstrated by the documentation attached to the instant motion, and that the LONESTAR 202 is presently located within this district, in New Iberia, Louisiana.[5] Therefore, this Court concludes the third element is satisfied.

---

[4] Again, this Court notes there have been numerous procedural errors throughout the pendency of this litigation. Additionally, this Court has some question as to whether Anchor Marine's attestation that there is no personnel who is "fully knowledgeable" on behalf of defendant within this district can satisfy the second element. Nevertheless, as the court stated in *Aqua Stoli*, "the showing required by Rule B(1) for the initial order of attachment is minimal[.]" 460 F.3d at 439, *citing ContiChem LPG v. Parsons Shipping Co.*, 229 F.3d 426, 434 (2nd Cir. 2000). Therefore, the court concludes Anchor Marine's Verification satisfies the second elements at this juncture.

[5] In its motion, plaintiff alleges the LONESTAR 202 is located at "Superior Derrick Services, 4615 Port Road, New Iberia, Louisiana, 70560," while in the Unsworn Statement Under Penalty of Perjury, Ms. Andrew Sessa, Managing Director of Anchor Marine, states the LONESTAR 202 is located "in New Iberia at Superior Derrick Shipyard." This Court assumes for purposes of this motion that "Superior Derrick Service" and "Superior Derrick Shipyard" are one and the same and finds that, regardless, the designation of the location of the LONESTAR as being in "New Iberia, Louisiana" is sufficient for purposes of the instant attachment.

**4. There is no Statutory or Maritime Law Bar to the Attachment**

At this time, there appears to be no statutory or maritime bar to the requested attachment.

Considering the foregoing,

IT IS ORDERED that the motion for expedited hearing [Doc. 42] is GRANTED.

IT IS FURTHER ORDERED that the "Motion for Writ of Attachment Under Rule B" [Doc. 41] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall issue a Writ of Foreign Attachment of the LONESTAR 202.

IT IS FURTHER ORDERED that a copy of the Court's Memorandum Ruling and Order shall be attached to and served with said Writ of Foreign Attachment.

Lafayette, Louisiana this ___ day of _____, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

3-19-09
O&
USMs